W.M., R.W., AND T.R. BOWLER, A PARTNERSHIP, Respondent,

v.

TMG PARTNERSHIP, Appellant,

Thorpe Bros. Inc., et al., Defendants.

No. C7–84–781.

Court of Appeals of Minnesota.

Oct. 30, 1984.

Vincent E. Johnson, Patrick V. Johnson, Minneapolis, for respondent.

Karla R. Wahl, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal by the vendor of real estate, TMG Partnership, from a judgment of the trial court that the vendee, Bowler, a partnership, was entitled to return of earnest money he paid pursuant to a purchase agreement. We affirm.

### FACTS

TMG owned a small shopping center in Edina. Bowler contacted Steve Larson, a listing agent for Thorpe Bros. and negotiated a purchase agreement for the property. The agreement contained the following provision.

This agreement is contingent upon the Buyers conducting a physical inspection of said building. Buyers will have 10 business days to inspect from date of Sellers' acceptance of this agreement. If Buyers for any reason, reject this agreement within the 10 day period, Buyers will be refunded $8,000.00 of the earnest money deposit and Sellers will retain the remaining $2,000.00. The full $10,000.00 earnest money will be applied to the purchase agreement upon removal of the contingency.

Wallack, a partner, signed the purchase agreement on behalf of TMG Partnership on March 1, 1981 and deposited it with Federal Express in Utah to his real estate agent in Minneapolis on March 2, 1981. Bowler inspected the property on either March 2, 5 or 6. Larson testified he received the purchase agreement no earlier than March 10th. Larson testified he set a meeting between all buyers and sellers for March 17th and that all parties agreed that the March 17th date was within the 10 day period. Larson stated that Bowler told the parties at that meeting that he could not proceed with the purchase because of adverse zoning. The trial court reasoned that since TMG's agent could have received the signed purchase agreement from Wallack no earlier than March 3 and Bowler's rejection was March 17th, the rejection was within 10 business days of the earliest possible notice of acceptance to Bowler.

## ISSUES

1. Did buyers give sellers notice within the 10 day period of intent to reject the property?

2. Is buyers' claim barred by equitable estoppel?

3. Must the purchase agreement be cancelled in writing to comply with the statute of frauds?

## ANALYSIS

■ 1. The trial court could, based on the evidence, easily have found that the sellers' acceptance was not communicated to Bowler prior to March 10th. It chose to give TMG the benefit of the March 3 date which still was within 10 business days of March 17. Appellant argues that it sent a letter by its counsel that TMG, by Wallack, signed and therefore accepted the purchase agreement on March 1st. But that letter was not received by Bowler until March 11th. Acceptance must be delivered or communicated before a contract is formed. *Pogreba v. O'Brien*, 223 Minn. 430, 27 N.W.2d 145 (1947); *Nodland v. Chirpich*, 307 Minn. 360, 240 N.W.2d 513 (1976). *See also* Williston on Contracts § 70 (3rd Ed. 1976). Bowler's rejection was timely.

■ 2. Appellant's argument that Bowler's conduct estops him from claiming cancellation of the agreement is apparently based on Bowler's efforts subsequent to March 17th to attempt to change zoning and the preparation of a new purchase agreement which was never signed. This argument has no merit and these subsequent acts do nothing to change his rejection of the property. If anything, it reinforces his reason for rejection, i.e., that the zoning was incompatible with his intended use of the land.

■ 3. Bowler was not required to cancel the purchase agreement in writing. The trial court correctly stated that the present purchase agreement was, in fact, an option which did not give any interest in the land to the buyer until 10 business days from the date of sellers' acceptance. An option does not come within Minn.Stat. § 513.04 (1982). Substantively, this statute has remained the same since before the turn of the century. *Shaughnessy v. Eidsmo*, 222 Minn. 141, 23 N.W.2d 362, 365 (1946).

Minn.Stat. § 559.21, cited by appellants, is applicable to cancellations by vendors of an interest in real estate. It is inapplicable here.

## DECISION

The trial court's judgment is affirmed.